IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  INDICTMENT NO.
  2:07CR117-MHT

DANIEL MINCHEW,

    Defendant

---

MOTION TO SUPPRESS WARRANTLESS SEARCH AND BRIEF IN SUPPORT

---

COMES NOW Daniel Minchew, Defendant in the above-styled action and files this motion to suppress the fruits of the warrantless and illegal search of his vehicle. In support thereof, Defendant shows this honorable Court the following:

On August 30, 2006, Mr. Minchew was driving along Interstate 85 south bound. At approximately 11:18 p.m., Mr. Minchew was stopped by Trooper Sutley of the Alabama Department of Public Safety purportedly for speeding and "no tag". Thereafter, Trooper Sutley detained, arrested and searched Mr. Minchew. Further, Trooper Sutley searched Mr. Minchew's automobile and discovered alleged contraband.

According to the principles set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), police may stop persons and detain them briefly in order to investigate a reasonable suspicion that such persons are involved in criminal activity. In justifying such an intrusion, the "reasonableness" standard requires that the officer "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir.1990) (quoting *Terry,* 392 U.S. at 21, 88 S.Ct. at 1879) The United States Supreme Court has said "that the search of an auto on probable cause proceeds on a theory wholly different from that justifying the search incident to an arrest: 'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' " Chambers v. Maroney, 399 U.S. 42, 49, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

This search was conducted without a warrant and without justification or probable cause. As such, the search was unconstitutional and the fruits thereof must be suppressed. Wherefore, the Defendant moves this Court for an order excluding the use of any evidence seized from Defendant's automobile, or in the alternative, an evidentiary hearing on this motion.

This 27th day of August, 2007.

                                                              Respectfully submitted,

                                                              s/ Stuart M. Mones
                                                              Stuart M. Mones
                                                               ATTORNEY FOR DEFENDANT
                                                              Ga. Bar No.: 760737

146 Nassau Street
Atlanta, Georgia 30303
Tel: 404.522.7402
smm@moneslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2007, I electronically filed the foregoing pleading by filing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Kent B. Brunson
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197

s/ Stuart M. Mones
Stuart M. Mones
ATTORNEY FOR DEFENDANT
Ga. Bar No.: 760737